## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT HARPER,** ) | |
| ) | **Civil Action No. 1:07CV00928** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Judge: Rosemary M. Collyer** |
| ) | |
| **NATIONAL CHILDREN'S CENTER,** ) | |
| **INC.** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS

COMES NOW Defendant National Children's Center ("NCC" or "Defendant"), by and through its undersigned counsel, and hereby moves this Court pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure to quash service of process. In support of its motion, Defendant refers the Court to the accompanying Memorandum.

WHEREFORE, Defendant respectfully requests the Court to enter an order quashing service of process in the above-captioned matter.

Respectfully submitted,

**REED SMITH, LLP**

_____/s/_____

Bridnetta D. Edwards, (Bar #437467)
Allison M. Lefrak, (Bar # 485650)
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, DC 20005-3317
(202) 414-9200
Attorneys for Defendant

July 31, 2007

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing

Defendant's Motion to Quash Service of Process to be served by the Electronic Case

Filing system and via first-class mail this 31st day of July, 2007, upon:

Robert Harper
6414 Koffel Court
Elkridge, Maryland 21075


_____/s/_____
Bridnetta D. Edwards

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERT HARPER,** ) | |
| ) | **Case No. 1:99CV00928 (RMC)** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **NATIONAL CHILDREN'S CENTER,** ) | |
| **INC.** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

UPON CONSIDERATION of the Motion To Quash Service Of Process filed by the Defendant and any opposition thereto, it is hereby

ORDERED, that the Motion To Quash Service Of Process is GRANTED.

_____
Rosemary M. Collyer
United States District Judge

Date: _____

Copies to:

Bridnetta D. Edwards, Esq.
Allison M. Lefrak, Esq.
REED SMITH, LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, DC  20005-3317

Robert Harper
6414 Koffel Court
Elkridge, Maryland 21075

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT HARPER, ) | |
| ) | Civil Action No. 1:07CV00928 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge:  Rosemary M. Collyer |
| ) | |
| NATIONAL CHILDREN'S CENTER, ) | |
| INC. ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO QUASH SERVICE OF PROCESS

## I.    FACTUAL BACKGROUND

On May 18, 2007, the Plaintiff, Robert Harper ("Plaintiff"), filed this action against the National Children's Center ("NCC").  Plaintiff purports to assert claims of age discrimination and retaliation under Title VII of the 1964 Civil Rights Act and the Age Discrimination in Employment Act of 1967 (hereinafter referred to as "Title VII" and "ADEA") against the Defendant.  The gravamen of this action is NCC's termination of Plaintiff for economic reasons.

On or around July 16, 2007, the complaint was sent via certified mail return receipt requested.  It was addressed to "National Children's Center, 6200 Second Street, N.W., Washington, D.C. 20011, c/o Ms. Arlene Lender, Chairperson of the Board".  Defendant assumes that Ms. Irene Linder, the former Chairwoman of the Board of Directors for NCC, is the intended recipient of the complaint.  Ms. Linder's office is located at 2000 L Street, N.W., Suite 803, Washington, D.C. 20036.  On July 16, 2007 or July 18, 2007, Ms. Jean Queen, a receptionist at NCC who is not an authorized agent, signed for the package

containing the complaint and the summons.[1]  This was the only occasion on which Plaintiff ever attempted to effect service on the Defendant.

As will be explained below, Plaintiff has failed to serve the complaint and summons in a proper manner.  Accordingly, service of process should be quashed and the complaint should be dismissed for failure to effect proper service upon the Defendant.

## II.    <u>ARGUMENT</u>

Rule 4(e) of the Federal Rules of Civil Procedure, provides that service upon individuals within a judicial district of the United States may be effected either: (1) pursuant to the law of the state in which the district court is located; or (2) by delivering a copy of the summons and complaint to the individual personally or to his/her dwelling or abode, or to an agent authorized by appointment or by law to receive service of process.  Fed. R. Civ. P. 4(h) provides that service upon a corporation, partnership, or other unincorporated association may be effected in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process, and by mailing a copy to the defendant if the agent is one authorized by statute to receive service and the statute so requires.

In the District of Columbia, service on an individual may be made: (1) "pursuant to District of Columbia law, or the law of the state or territory in which service is effected, for the service of a summons upon the defendant in an

---

[1]    Ms. Queen does not recall whether she signed for the package on July 16 or July 18, 2007.  To date, Plaintiff has not filed the return receipt with the Court.

action brought in the courts of general jurisdiction of that state or territory; or (2) by delivering a copy of the summons, complaint and initial order to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons, complaint and initial order to an agent authorized by appointment or by law to receive service of process." Sup. Ct. R. 4(e)(1) and (2). With respect to a corporation or an association, service shall be effected in the manner prescribed for individuals by subdivision (e)(1), "or by delivering a copy of the summons, complaint and initial order to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Sup. Ct. R. 4(h)(1). Finally, "[a]s to any defendant described in subdivisions (e), (f), (h), or (j), service also may be effected by mailing a copy of the summons, complaint, and initial order to the person to be served by registered mail, return receipt requested." Sup. Ct. R. 4(c)(3).

As stated above, the service of process attempted by Plaintiff was on or about July 16, 2007, when a package containing a copy of the complaint and summons was sent via certified mail return receipt requested to the attention of the former Chairwoman of the Board of NCC. The package was subsequently signed for by a receptionist, Ms. Queen, who is not an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process as required by law to effectuate service properly. The return receipt was never filed with the Court.

The method of service utilized by the Plaintiff is simply not authorized by either the Federal Rules of Civil Procedure or the law of the District of Columbia

in which the District Court is located.  Ms. Queen was not authorized by law or appointment to accept service on behalf of NCC.  <u>See</u>, Queen Aff., ¶ 7.  An office employee with authority to receive business communications and mail does not, by virtue of her position, have authority to receive process.  <u>Leichtman v. Koons</u>, 527 A.2d 745, 747 (D.C. 1987) <u>citing</u> <u>Morfessis v. Marvins Credit, Inc.</u>, 77 A.2d 178, 179-80 (D.C. 1950);  <u>Rosen v. Associates, Inc. v. Hurwitz</u>, 465 A.2d 1114, 1117 (D.C. 1983) (motion to quash service appropriate where service made upon receptionist without authorization to accept service of process).  Consequently, Plaintiff's delivery of the complaint and summons to Ms. Queen was not effective service upon NCC.

For the reasons herein stated, service of process should be quashed.

### III.    <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion to Quash Service of Process.

Respectfully submitted,

**REED SMITH, LLP**

_____/s/_____
Bridnetta D. Edwards, (Bar #437467)
Allison M. Lefrak, (Bar # 485650)
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, DC  20005-3317
(202) 414-9200
Attorneys for Defendant

July 31, 2007

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ROBERT HARPER,** | ) | |
| | ) | |
| | ) | Civil Action No. 1:07CV00928 |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Judge:  Rosemary M. Collyer |
| | ) | |
| **NATIONAL CHILDREN'S CENTER,** | ) | |
| **INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### DECLARATION OF JEAN QUEEN IN SUPPORT OF
### DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS

**Pursuant to the provisions of 28 U.S.C. §1746, I, Jean Queen, declare under penalty of perjury as follows:**

1.  I am an employee of the National Children's Center ("NCC").  My position is Receptionist/Administrative Assistant for NCC.  I have held this position since March of 1998.

2.  As a Receptionist, my duties include: answering the phone, greeting guests, distribution of mail, and recording the daily cash flow of funding.

3.  I am not authorized by law or otherwise to accept service of process for NCC.

4.  On July 16 or July 18, 2007, at approximately 12 PM, a package was delivered via certified mail return receipt requested.  The package was addressed to: "National Children's Center, 6200 Second Street, N.W., Washington, D.C. 20011, c/o Ms. Arlene Lender, Chairperson of the Board".

5.  I signed for the package and returned the certified mail return receipt to the postmaster.

Under penalty of perjury, that the foregoing 5 numbered paragraphs are true and correct. Executed on July 31, 2007 in Washington, D.C.

Jean Queen