UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT HARPER,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**NATIONAL CHILDREN'S CENTER,** )<br>**INC.,** )<br>)<br>Defendant. )<br>) | Civil Action No. 07-928 (RMC) |

**MEMORANDUM & ORDER**

Plaintiff Robert Harper, proceeding *pro se*, filed this action on May 18, 2007, alleging that Defendant National Children's Center, Inc. violated federal law when it terminated his employment. On July 31, 2007, Defendant moved under Federal Rule of Civil Procedure 12(b)(5) to quash service of process on the ground that Mr. Harper failed to comply with District of Columbia Supreme Court Rule 4 regarding service. According to Defendant's Motion, Mr. Harper sent the Complaint and Summons by certified mail, return receipt requested, to "National Children's Center, 6200 Second Street N.W., Washington, D.C., 20011 c/o Ms. Arlene Lender, Chairperson of the Board." According to Defendant, Ms. Irene Linder is its "former" chairperson and her office is located on L Street, not at the Second Street address to which Mr. Harper mailed the Complaint and Summons. Defendant asserts that Mr. Harper's mailing was received by Jean Queen, a receptionist, who is not authorized to receive service on behalf of the corporation and, as a result, service was improper. Mr. Harper has not responded to Defendant's Motion.

Under District of Columbia law, a corporation may be served by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent

authorized by appointment or by law to receive service of process . . . ." Sup. Ct. R. 4(h)(1). The law also allows service to be effected "by mailing a copy of the summons, complaint, and initial order to the person to be served by registered mail, return receipt requested." Sup. Ct. R. 4(c)(3). Defendant is a registered District of Columbia corporation and its official business address is 6200 Second Street N.W., Washington, D.C., 20011. Its website lists Ms. Linder, who is an attorney, as the President of its Board of Directors. *See* National Children's Center, Inc., http://www.nccinc.org/leadership/index.cfm (last visited September 17, 2007).

Thus, while service of process may have been technically unsound, Mr. Harper — who is prosecuting this case *pro se* — has substantially complied with the requirements of Rule 4(h)(1) and Rule 4(c)(3). By Defendant's admission, Mr. Harper sent the Complaint and Summons to the President of its Board of Directors at Defendant's official address, by certified mail with return receipt requested, within two months of filing this action. Defendant received the Complaint and Summons, forwarded them to its outside counsel, and is obviously aware of this lawsuit. Under these circumstances, Defendant has not been prejudiced by Mr. Harper's technical failure to comply with Federal Rule of Civil Procedure 4. *See, e.g.*, *Lindsey v. United States*, 448 F. Supp. 2d 37, 47-48 (D.D.C. 2006) (holding that *pro se* plaintiff may be excused from technical compliance with Rule 4 if there is no prejudice to the defendant) (citing *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993)). Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Quash (Docket No. 2) is **DENIED.** Defendant shall file its answer or other responsive pleading no later than October 12, 2007.

**SO ORDERED**.

Date: September 19, 2007                     /s/
                                             ROSEMARY M. COLLYER
                                             United States District Judge