**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERT HARPER,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**NATIONAL CHILDREN'S CENTER, INC.** )<br>)<br>Defendant. )<br>) | Civil Action No. 1:07CV00928<br><br>Judge: Rosemary M. Collyer |

## ANSWER

COMES NOW the Defendant, National Children's Center ("NCC" or "Defendant"), by and through the undersigned counsel, and answers Plaintiff Robert Harper's ("Plaintiff") Complaint as follows. Defendant denies all allegations of the Complaint not specifically admitted herein, and specifically denies that it wrongfully terminated Plaintiff in violation of either Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, or the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621.

### ANSWERS TO NUMBERED PARAGRAPHS

Defendant responds to the numbered paragraphs of the Complaint as follows:

### I.  JURISDICTION

1. Defendant is without knowledge or information sufficient to determine the truth or falsity as to where Plaintiff currently resides.

2. Defendant admits that NCC is headquartered in Washington, D.C. at 6200 Second Street, N.W. Washington, D.C. 20011.

3. The allegations made in of Paragraph 3 of the Complaint call for a legal conclusion to which no response is required.

## II. GENERAL ALLEGATIONS

4. Admitted.

5. With respect to the allegations in Paragraph 5 of the Complaint, Defendant admits that the Plaintiff was employed with NCC in October 1996 as Director of Transportation. Defendant is without knowledge or information sufficient to determine the truth or falsity of the remaining allegations made in Paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to determine the truth or falsity of the allegations made in Paragraph 6 of the Complaint.

7. Defendant is without knowledge or information sufficient to determine the truth or falsity of the allegations made in Paragraph 7 of the Complaint.

8. Defendant is without knowledge or information sufficient to determine the truth or falsity of the allegations made in Paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to determine the truth or falsity of the allegations made in Paragraph 9 of the Complaint.

10. Defendant denies the allegations made in Paragraph 10 as pled, and states that Plaintiff's performance evaluations speak for themselves.

11. Defendant denies that Plaintiff was replaced by a junior employee. Defendant is without knowledge or information sufficient to determine the truth or falsity of the remaining allegations of Paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to determine the truth or falsity of the allegations made in Paragraph 9 of the Complaint.

13. With respect to the allegations made in Paragraph 13 of the Complaint, Defendant denies those allegations.

14. Defendant admits that Plaintiff, by and through counsel following his termination, in a demand letter dated June 1, 2006, requested that he be given "[a] retirement party so that his fellow workers can honor his service to NCC."

15. Defendant denies the allegations of Paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to determine the truth or falsity of the allegations made in Paragraph 16 of what Plaintiff believes.

17. Defendant is without knowledge or information sufficient to determine the truth or falsity of whether Michelle Durbin and Plaintiff "clashed." Defendant denies all remaining allegations in Paragraph 17 of the Complaint.

18. Defendant is without knowledge or information sufficient to determine the truth or falsity of the allegations made in Paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff was advised on or about May 12, 2006 that NCC was undergoing a reorganization of management, and that his position as Director of Transportation was being eliminated.

20. Defendant admits that the EEOC issued a Right to Sue Letter, and avers that the EEOC did not complete its investigation of the charges at Plaintiff's request.

## COUNT I:  AGE DISCRIMINATION

21. Defendant incorporates by reference its responses to Paragraphs 1-20 above.

22. The allegations made in Paragraph 22 of the Complaint call for a legal conclusion to which no response is required.

23. Defendant admits that Plaintiff, by and through counsel following his termination, in a demand letter dated June 1, 2006, requested that he be given "[a] retirement party so that his fellow workers can honor his service to NCC."

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

## COUNT II: RETALIATION

26. Defendant incorporates by reference its responses to Paragraphs 1-25 above.

27. Defendant is without knowledge or information sufficient to determine the truth or falsity of the allegations made in Paragraph 27 of what Plaintiff believes.

28. Defendant is without knowledge or information sufficient to determine the truth or falsity of the allegations made in Paragraph 28 of the Complaint, and accordingly, denies those allegations.

29. Defendant is without knowledge or information sufficient to determine the truth or falsity of the allegations made in Paragraph 28 of the Complaint.

30. Defendant is without knowledge or information sufficient to determine the truth or falsity of the remaining allegations made in Paragraph 30 of the Complaint.

31. Defendant is without knowledge or information sufficient to determine the truth or falsity of whether Michelle Durbin and Plaintiff "clashed". Defendant denies all remaining allegations in Paragraph 31 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff has failed to mitigate the damages.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claim for punitive damages against Defendant is barred by Defendant's adoption, publication and enforcement of a policy against the discrimination and retaliation of the type alleged in the complaint.  Plaintiff's claims for compensatory damages are barred to the extent such claims exceed statutory limits.

**FOURTH AFFIRMATIVE DEFENSE**

Any and all conduct of which Plaintiff complains or which is attributable to Defendant, and/or its agents or employees, was a just and proper exercise of management discretion undertaken for fair and honest business reasons and cannot form the basis of a valid damages claim.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known to Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff may not obtain any of the relief requested in the Complaint because any adverse employment action, if at all, was taken against Plaintiff based on legitimate, non-discriminatory and non-retaliatory factors.

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendant herein reserves the right to assert additional defenses as they may become known in the course of discovery.

WHEREFORE, Defendant prays that the Plaintiff's Complaint be dismissed with prejudice, that Defendant be awarded its costs and attorneys fees, and for such other relief as the Court deems appropriate.

                Respectfully submitted,
                **REED SMITH, LLP**

                /s/ Bridnetta D. Edwards
                Bridnetta D. Edwards, (Bar #437467)
                Allison M. Lefrak, (Bar # 485650)
                1301 K Street, N.W.
                Suite 1100 - East Tower
                Washington, DC  20005-3317
                (202) 414-9200
                Attorneys for Defendant

October 12, 2007

- 7 -

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Defendant's Answer to be served by the Electronic Case Filing system and via first-class mail this 12th day of October, 2007, upon:

>James Strouse, Esq.
>5401 Twin Knolls Road
>Suite 11
>Columbia, MD 21045
>
>Robert Harper
>6414 Koffel Court
>Elkridge, Maryland 21075

>    /s/  Bridnetta D. Edwards
>Bridnetta D. Edwards