**IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT HARPER     * <br> 6414 Koffel Court <br> Elkridge, Maryland 21075     * <br>         Plaintiff     * <br> v. <br>         * <br> NATIONAL CHILDREN'S CENTER <br> 6670 Sandy Springs Road, N.W.     * <br> Washington, D. C. 20011 <br>         * <br>         Defendant <br>         * | Civil Action No. l:07-00928 RMC) <br><br> JUDGE: Rosemary M. Collyer |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**LOCAL CIVIL RULE 16.3 REPORT TO THE COURT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Local Civil Rule 16.3(c), Robert Harper ("Plaintiff") and National Children's Center ("NCC" or Defendant"), by the their undersigned counsel, submit this report.

**BACKGROUND OF THE CASE**

On May 18, 2007, Plaintiff filed a complaint against Defendant in the United States District Court for the District of Columbia alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §("ADEA"), and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e3(a), ("Title VII"). [1]

---

[1] Plaintiff requested that the EEOC cease its investigation and issue a Right-to-Sue letter. Accordingly, a Right-to-Sue letter was issued on April 18, 2007.

On July 31, 2007 NCC filed a motion to quash service of the complaint. On September 19, 2007 Judge Collyer denied the motion on the basis that although service was technically unsound, Mr. Harper was currently prosecuting this case *pro se*. However, at all times, Plaintiff was represented by counsel. Plaintiff's counsel, James C. Strouse acknowledged his representation on October 3, 2007. See James C. Strouse's written notice of appearance submitted to the Court on October 3, 2007.

NCC filed an answer to the complaint on October 12, 2007.

## **Rule 16.3(3)**

The parties have agreed as follows with respect to the numbered matters to be addressed under LCvR 15.3:

(1) The Defendant believes that this case is likely to be disposed of by a dispositive motion following discovery. Plaintiff believes this matter will go to trial and desires at least two (2) months time for written discovery depositions.

(2) There are no further parties to join or amendment to the pleadings. Plaintiff agrees.

(3) The case should not be assigned to a magistrate judge for all purposes. Plaintiff agrees.

(4) There is a possibility of settling the case. Plaintiff agrees and there have been preliminary discussions albeit limited discussions, already.

(5) The case could benefit from alternative dispute resolution following the depositions of the Plaintiff, Robert Harper, and the Chief Financial Officer, Michele Durbin, of NCC. Plaintiff agrees.

(6) As stated in number 1, Defendant believes that this case can be resolved by summary judgment and intends to file within the appropriate time ordered by the Court. Plaintiff intends to file for Summary Judgment as well but wants to depose the former President and Ms. Durbin first.

(7)  The parties agree to stipulate to dispense with the initial disclosures required by Rule 26(a) (1).  Plaintiff agrees.

(8)  All discovery should be completed by April 30, 2008.  Plaintiff desires a discovery completion date of March 30, 2008.

(9)  The requirement of the exchange of expert witness reports should not be modified.  Plaintiff agrees.

(10)  This is not a class action.  Plaintiff agrees.

(11)  It is unnecessary for this trial to be bifurcated or managed in phases.  Plaintiff agrees.

(12)  The date for a pretrial conference should be set after the ruling on dispositive motions and the completion of ADR.  Plaintiff wants ADR and a pretrial conference before dispositive motions as there are good indications that this matter may settle.

(13)  The Defendant requests that a trial date be set at the pretrial conference 30 to 60 days following the conference.  Plaintiff requests a trial date no longer than thirty (30) days after the pretrial hearing.  Discovery will have been completed and all parties should be ready for trial.

| | |
|---|---|
| /s/ Bridnetta D. Edwards | /s/James C. Strouse |
| Bridnetta D. Edwards (Bar#437467) | James C. Strouse, Esq. (Bar#09557) |
| Allison M. Lefrak, (Bar#485650) | STRUSE LEGAL SERVICES |
| 1301 K. Street, N. W. | 5401 Twin Knolls Rd., Ste. 7 |
| Suite 1100 – East Tower | Columbia, Maryland 21045 |
| Washington, D. C. 20005-3317 | (410) 730-7600 |
| (202) 414-9200 | *Attorney for Plaintiff* |
| *Attorneys for Defendant* | |
| December 5, 2007 | |

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Local Civil Rule 15.3 Report was served, via electronic filing, on the 5th day of December, 2007 on:

Bridnetta D. Edwards, Esq.
Allison M. Lefrak, Esq.
REED SMITH, LLP
1301 K Street, N. W.
Suite 1100-East Tower
Washington, D. C.  20005-3317


<u>/s/ James C. Strouse</u>
James C. Strouse